Good morning, Honorable Justices. My name is Brhanu Jala. You can call me Jala. I'm representing Aplans and the cross-Apli in this case. The defendants, the Aplis are also appealing in this case concerning the state-based causes of action. And there are about four sections in this case. The first is the summary judgment and the vacating of default entry and the attorney's sanction and then the appeal by defendants concerning the state law-based causes of action. I will start with the summary judgment first. My appeal is based on the ruling reminders that the final policy-making decision is binding on the counties or the public entities. And also my appeal is based on this court's ruling in Bowman and Block 9th Circuit, 1991, 940 Federal Second, 1211 page. And the second case which is very relevant by this court is Homeland and the County of Mandela. This court has ruled that if the that decision is binding on the city or the county. And of course the defendants, the city of Homeland, is saying that you did not raise this issue at the first instance. I'm contending that I have raised this. I did not explain it in detail. In fact, I, based on the decision of this court, Lowland, and then went on to explain the Ryders, the notorious case of Ryders case, which I said this could be, if this case is going to be moved as well in addition to the final decision-making, this case could be proved that the city deliberately by custom usage tolerated these people when the police are implanting evidences against the individuals. This case is very, very serious. I want to bring to the Honorable Justice, because normally there are so many postgraduate students from America here. They complain a lot. And one of them is here, including the defendant, who is a Ph.D. candidate in the University of California right now, who intends to go to the law school. Very serious case. This case also concerns myself. Honorable Justices have seen not only me, but the clerks of this court, the case administrators of this court, who were tortured by the defendant's attorney, saying that they tolerated without payment of the court fees in this court. They, you know, properly filed the brief cases and so on and so on. I'm not going to go into detail that, because that is already decided. I'm not going to go into that. Even assuming that I did not raise this issue of final policymaking, assuming that, still this court has jurisdiction to hear, because this case is the final outcome of this case, depending on the final policymaking decision. And even if there is a plan error, this Ninth Amendment, the justices already have read that. But what the – I want to emphasize that this case was also in the appeal court in the California State Court, as first appellate court, which is reversed now in the Alameda County. The defendants specifically, which I – after the brief are submitted, which I submitted to bring into the attention of this court, they specifically admitted that those police, in particular, Sergeant Enoch Olivares and Lisa Osmosis, Sergeant Enoch Olivares was the final decision-making person in that case. He investigated, he supervised, he initiated the investigation. He went into the house of Okuru the night that is June 28, 2001, at 11 o'clock, almost in the middle of the night. They effected the arrest. I'm not going into it, because I have covered it. In their declaration, they said that there was a possible abduction of a molestation of young in danger in the house of Okuru. But the declaration, which was filed by the other children and Mrs. Della Wilson, says he talked on the cross-section even if he did not come out of his car. Counsel, I – the underlying facts here are very important, and we don't in any way diminish the importance of those. But the reality is, this is a procedural appeal that you're talking about here. Your default was set aside. The court reversed and issued a summary judgment against you. So we're really talking about the technical requirements that each party has to meet in order to get to that point. And I'd like to just focus your attention for a moment on this question. Where in your claim did you raise the idea that the police officers are, in quotes, final policymakers for the city before the district court? I cited law and decided by this court. I said the police admitted that they have arrested him. The issue is, I said they effected the arrest, and they are the – even though my language is not clear. And then, further, I said this, the court's image, the usage could be, in addition to that, be proved citing by Rayner's cases. It was urgent at that time, Honorable. And the fact that the – the fact itself is very, very clear. I must confess, I didn't find in the record you're raising this before the district court. Do you have a reference to these other records? I called the – in my answer, citing this court's decision, Lowland, Ninth Circuit's decision. You're talking about a case, though. I'm talking about where you raised – where you raised this issue of the – In my opposition.  This is your opening brief, right? This is your brief? In my opening brief. But where did you raise this? I raised in the opening brief, in my reply brief also after the hearing. Okay. That's to us. I'm talking about at the district court. Where did you raise this issue at the district court? In my opposition, Your Honor. And on what page? I'm just looking at it. I didn't raise – I did not raise this explicitly, as the Court might expect. But I raised this on page 132 when I said, Lowland County of Riverside, Ninth Circuit, 2000, the police officers, violent force and 14th Amendment, and the police officers. And then I went on. But – so you're saying that the Court should have understood that as being an argument, that this was – you were alleging the police officers were the final policymakers for the city? Is that what you're saying? Yes. When – in particular, when I raised this, Reynolds on page – the following page, Reynolds, this would be as to the usage and the policy. Reynolds' case would be in addition to that. And then I specifically said, assuming that I did not raise in that case, I did not raise in the district court. Still, this Court has a jurisdiction because this is – if this Court assumes that I did not raise, the outcome of this case depends on that case. But if you don't raise it, isn't it waived, counsel? If I don't waive it, it's waived. But still, there is a plain error in the outcome of justice which this Court has precedence in a number of cases, Your Honor. And I raised this issue and I dealt with the reply in detail. Shall I stop or – Thank you, counsel. I didn't cover my attorney's sanction situation, Your Honor, because that's vulnerable. Yeah. Because that was a very serious case. I don't know whether – That's briefed by both of you. We have the briefs on that. And in addition, they have admitted that those officers are the final decision-making and I submitted after the brief on their page 12. After the brief was contained, I brought to the attention of this Court, they judicially admitted in the first appellate district court that those people are the final decision making body on page 12, which I submitted after the brief is – after the submission of all the briefs are finished. Because that – this brief came after we finished the submission of all these briefs. Here we have the briefs. But my attorney's situation is a very serious situation. I briefed Honorable Justice because the case is still pending, waiting, abated, waiting the decision of this Court in the Bar Association Court. And I want to bring to the attention that that is a very serious personal situation. I briefed in detail. I don't have time, so I will keep the order of the justices. Thank you. May it please the Court, Your Honor. I'm Candace Westmore, deputy city attorney for the City of Oakland, representing the City of Oakland, defendant and respondent. I will just respond to what counsel has discussed regarding the Minnell claim against the city. Can I cut to the one problem for me in this case? Right. Is the relief of the city, the default judgment, without giving Mr. Okoro a chance to oppose it. That seemed rather arbitrary. Well, Your Honor, I believe that the court wants – the court received the city's explanation. I know they received its explanation, but Mr. Okoro, under local rule and under normal regulations, principles, had the right to reply, and he never was given it. He was cut off. Well, I don't – I don't believe that he was prejudiced, Your Honor, and I believe the court did have – Well, he wasn't prejudiced, but he was cut off. He wasn't present? He was not prejudiced. He had a chance to file his motion for entry of the default judgment, and the city opposed it. And the court found that it was clear that the city had no knowledge of the court's order, and it was in the court's own docket that the city had not been served with the court's order directing it to file a motion for summary judgment. And in any event, it would not have been proper to sanction the city – I mean, sanction the city with an entry of default for not filing a motion for summary judgment. Well, it might not have been proper, but what was improper was not to give the other side a chance to argue. That's the question. I mean, you're sort of skipping it over. The – both sides have a right to be heard on questions, and for some reason, the process was cut short. Well, Your Honor, Rule 55 of the Federal Rules of Procedure authorizes a district court to conduct such hearings or order such references as it deems necessary and proper. But does it authorize a district court to not hear one side? That would not be my idea of what was necessary and proper. He did hear one side, Your Honor. What? He did hear one side. He heard both sides. But he didn't hear the other side. He heard the appellant's side in their motion for the entry of the default judgment. But he didn't hear them on the motion to set aside the default judgment. That's correct. Because it was – okay. You can't say that he has discretion to disregard the normal rules requiring both sides to be heard. That's fundamental. Okay, Your Honor. I just don't believe there was any prejudice because the facts are what they are, that the city and the court's record is conclusive that the city did not receive notice of the order that created the basis for the entry of default in the first place. And so the court did not see that it was necessary for further briefing and that the city's conduct was not culpable. Counsel, do you agree that your cross-appeal is moot at this point? Yes, Your Honor. Okay. And just one thing I wanted to mention with respect to the sanctions order. I don't know if Your Honors wanted to discuss that at all, but we argued that there was no jurisdiction because the notice of appeal did not include Mr. Chawla as an appellant, nor does it reference anywhere in the notice that they intend to appeal the sanctions order. So there is no jurisdiction. Are these sanctions payable to the city? Yes. It was $800, $832. Obviously this is a, we have some interesting cases. A recent one that I was involved with, the debt of Bali that dealt with this issue. In this particular case, you know, $800 sanction to an attorney, while not a lot of money was spent on the attorney. Are you in a position to perhaps agree that those sanctions could be waived so we can deal more with the substantive issues here and not let that cloud our judgment? I'm not in a position to agree to that myself, but I could definitely request that of those who have the power to make that decision. But, Your Honors, it's just a matter of jurisdiction as well. I mean, he has no ---- I understand your argument. I think the real issue here is under debt of Bali and retail flooring dealers and so on, the real question is whether there was in the notice of appeal and in the appeal documents whether counsel made it clear, even obliquely, that in this case he was appealing the sanctions himself. If he did, then we have jurisdiction under our law. If he didn't, then we don't. Right. And he didn't. And I wouldn't have made the argument if I had looked at it again and found that because I read the cases that you're discussing, if I had found that there was some way to glean from that notice of appeal that it was intended to appeal the sanctions order. As Judge Smith suggested, there are two issues in the case. One of them may have a jurisdictional question, but they're both issues of some importance to the people involved. And the money that the city would collect is not very significant to the city. So Judge Smith was asking whether the city might ---- we have enough cases and any more, whether the city might be willing to forego that amount and have that particular issue dropped. We cannot withhold a submission until you have a chance to check and let us know. I can do that, Your Honor. The city did not request the sanctions anyway in the first place. That was something that the district court imposed. Who was the district judge here? That was Yvonne Walker. Okay. Yeah. He was upset with a number of things that were going on with Plaintiff's Counsel, and then he ordered the city to submit our costs. Yeah. So it wasn't something that the city actually moved the court for. Well, just tell your office that the court would be interested in knowing whether it would be willing to drop that. That'd be helpful if you could send us a ---- I suppose it would be like a 28-J letter or something like that. You know, within a day or two and just let us know whether ---- Yeah, as soon as we can find out. Okay. I'll do that. On the merits of the claim, were there any affidavits submitted at this time of summary judgment by either side? The only affidavit submitted in opposition to the city's motion was one by Appellant's ex-wife, and we objected to her declaration because it consisted of entirely hearsay. And it really only addressed ---- it didn't really address the Monell ---- it didn't have any evidence that would be used to show a city policy or custom. And then the other declaration was from someone else who was going to testify that he was not wearing the same kind of pants that the city claimed he was wearing, and so that it was really irrelevant and had nothing to do with whether or not there was a ---- Was the only issue on summary judgment the Monell issue? Yes, it was, Your Honor. Because all of the individual defendants had been dismissed. Had been dismissed. It was only the claim against the city. Right. And, oh, and I just wanted to mention to you that his claims against the individuals are actually pending in the State court right now on his third amended complaint. Yeah. Okay. And it hasn't gone to trial in the State court or ---- No. So that's pending now, Your Honor. Okay. Thank you very much, counsel. Thank you. Okay. Thank you very much. The case just argued will be submitted. Court will stand adjourned for the day.
judges: Reinhardt, Noonan, M. Smith